(Decided October 18th 1864.)

---

## HENRY H. OWINGS *vs.* STATE OF MARYLAND.

EXECUTORS' COMMISSIONS, STATE TAX ON:—The ACT OF 1860, CH. 163, SEC. 2, enacts: "That SEC. 107 OF ART. 80, OF THE CODE OF PUBLIC GENERAL LAWS which requires the Orphans' Courts to fix the Commissions of Executors whether claimed or not, be, and the same is hereby repealed, and that this Act take effect from its passage." HELD:

That where the repealing section was enacted before the passage of an Executor's account,—his letters having been taken out, and inventory returned prior to its enactment,—such Executor having renounced his commissions in the Orphans' Court, was not liable to the State tax of ten per cent. on such commissions, imposed by sec. 106 of Art. 81 of the Code.

APPEAL from the Orphans' Court of Baltimore City:

This is an appeal from an order of the Orphans' Court of Baltimore City, refusing to direct the re-payment to the appellant of the sum of $965.00, claimed to have been erroneously demanded and received from him by the Register of Wills of said City, under secs. 106 and 107 of Article 81 of the Code of Public General Laws. The facts of the case and so much of the arguments of the counsel as is material in view of the Court's decision, are sufficiently set forth in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*J. Shaaff Stockett* and *S. T. Wallis,* for the appellant, cited the following authorities, 1 Code, Art. 81, secs. 106 and 107. *Id.* Art. 93, secs. 210, 215 and 50. *Id.* Art. 5, sec. 42. Acts of 1860, ch. 163; 1798, ch. 101, sub-ch. 10, sec. 2. *Key vs. Goodwin,* 4 *Moore & Payne,* 341. *Sedgwick on Stat. and Const. Law,* 129 to 132. *State, ex rel. McClellan vs. Graves,* 19 *Md. Rep.,* 351. *Baugher vs. Nelson,* 9 *Gill,* 299.

*William Price,* for the appellee, commented on the authorities above cited, and relied on: 1 Code, Art. 93, sec. 5, clause 4. *McPherson vs. Israel et al.,* 5 *G. & J.,* 64. *Gwynn vs. Dorsey,* 4 *G. & J.,* 460. 1 Code, Art. 93, sec. 11. *Parker et ux. vs. Gwynn,* 4 *Md. Rep.,* 423.

BOWIE, C. J., delivered the opinion of this Court.

This appeal involves and turns exclusively upon the proper interpretation of the 107th section of Art. 81, Code, relating to Revenue and Taxes, which section has since been repealed.

The appellant on the 12th of May 1859, obtained letters testamentary on the estate of his deceased brother, James

Owings, whose will, after various large pecuniary and specific bequests, constituted him executor and residuary legatee.

It appears from the answer, and is admitted in the argument, that the inventory of the deceased's estate was returned and filed in June 1859.

At the passage of the appellant's first account, on the 21st of August 1860, the Orphans' Court allowed the appellant the sum of $9,650, being 5 per cent. on the amount of the personal estate, one-tenth of which, $965, was claimed and retained by the Register, as a tax due the State, under the 106th section of the Code.

The appellant filed a petition in the Orphans' Court on the 25th November 1863, praying that the Register might be ordered to pay over to the petitioner the sum retained, as having been collected of him contrary to law. With this petition was filed as an exhibit, the petition of the Register filed in the Orphans' Court on the 30th November 1860, stating he had received the sum of $965 with other sums of the appellant and others, under protest on their part, to be held subject to any legal decision which might be made in regard thereto, which action of the Register was afterwards, by an order passed on the same day, approved. It does not appear from the record, whether the protest was written or verbal, or on what grounds it was made; it is assumed and treated in the argument as a *renunciation* of the commission, in contradistinction to a release.

The Orphans' Court on the 5th December 1863, after argument of counsel on behalf of the petitioners and the State, dismissed the petition with costs, from which order of dismissal, this appeal is taken. It is argued on behalf of the State that the tax attached to the commission when the executor's right thereto accrued, which was upon the return of the inventory in June 1859, and that the Article which became a law on the 2nd of March 1860, should not be interpreted retroactively to the prejudice of

the State. On behalf of the appellants it is insisted that the commissions were not subject to tax, until *allowed*, which being on the 21st of August 1860, subsequent to the operation of the 107th clause of the Code, became subject thereto, and like all proceedings under Acts since repealed, *inchoate* rights were annulled, if any such existed.

The 106th and 107th sections of the Code are as follows:

106th. "All commissions allowed to executors or administrators by the Orphans' Courts of this State, shall be subject to a tax for the benefit of the State, of one-tenth part of the sum so allowed; and where a legacy is left to an executor by way of compensation, such legacy shall be reckoned in the commissions fixed by the Court.

107th. "The several Orphans' Courts shall fix the commissions of executors within twelve months from the grant of administration, and in all subsequent accounts wherein executors shall charge themselves with further assets; but where an executor shall renounce his commissions, or release the same in favor of the widow or next of kin of the deceased, the tax mentioned in the preceding section shall not be charged, and where an executor elects to take less than 5 per cent. commissions, (as he may do,) the tax shall be charged only on the commission he may elect to take."

The 107th section of the Code above cited, is identical with the 1st section of the Act of 1860, ch. 163, which is entitled "An Act to amend the one hundred and seventh section of the eightieth Article of the Code of Public General Laws," which requires the Orphans' Court to fix the commissions of executors in all cases whether claimed by the executor or not, and to substitute therefor, a section providing that where an executor shall renounce his commissions, he shall not be taxed thereon. The 2nd sec. of the Act of 1860, ch. 163, enacts "That the one

hundred and seventh section of the eightieth Article of the Code of Public General Laws which requires the Orphans' Court to fix the commissions of executors whether claimed or not, be, and the same is hereby repealed, and that this Act take effect from the day of its passage.''

It is apparent from this reference to the preamble of the repealing Act, that the tax was not to be imposed when the executor renounced, and that the law was to go into effect immediately.

The office of executor or administrator, being generally one of profit, the General Assembly, in order to increase the revenues of the State, made their commissions subject to a tax of one-tenth. Where the executor, as such, enjoys the benefit of his office, it was proper he should take it *"cum onere;"* but there being many cases, where the office was assumed without a view to profit, the law in such cases, exempted the executor from taxation. The term "renounce" is not grammatically or legally qualified by the words "in favor of the widow or next of kin," nor is it necessary it should be, to give a sensible interpretation to the section. It may have been within the purview of the 107th section to exempt all executors who renounced, from whatever motive, as the estate would still be liable in the hands of the legatee, residuary or otherwise, to the tax on legacies.

It is not too much to suppose the Legislature was unwilling to lay a double tax on the same property, in the hands of the same person, occupying the relation of executor or legatee. The repealing section having been passed before the passage of the executor's account. We think he was entitled to the benefit of its operation.

As the section now the subject of construction, has been repealed, we do not think it necessary to follow the argument of counsel further than is essential to the decision of the case.

The Trustees of Allegany Co. School *vs.* Maffit.

The order dismissing the petition of the appellants is reversed, and the proceedings remanded, that an order may be passed in conformity with this opinion, refunding the sum of $965 to the appellants.

*Order reversed, and cause remanded.*

(Decided October 20th 1864.)