ROBERT W. WILLIAMS, Administrator,

*vs.*

THE STATE OF MARYLAND.

*Executors and Administrators—Tax on Commissions—Construction of Statute.*

The tax provided for by Code, art. 81, sec. 115, declaring that all commissions allowed to executors and administrators by the orphans' courts of the State shall be subject to the tax therein named, is payable on each successive administration of an estate, and consequently the fact that such tax has been paid by an administrator *pendente lite* does not relieve an administrator *c. t. a.* of the same estate from the payment of the tax.                                                              pp. 21-23

When the language used in a statute is plain, clear, and unambiguous, it is the manifest duty of the court to give it force, and no construction should be adopted against the express letter of the statute.                                                                       p. 21

*Decided June 27th, 1923.*

Appeal from the Baltimore City Court (STEIN, J.).

Action by the State of Maryland against Robert W. Williams, administrator *c. t. a.* of William F. Airey, deceased. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Frank B. Ober,* with whom were *Janney, Ober, Slingluff & Williams* on the brief, for the appellant.

*Alexander Armstrong, Attorney General,* for the State.

BRISCOE, J., delivered the opinion of the Court.

This is the defendant's appeal from a judgment rendered in the Baltimore City Court, in favor of the plaintiff, for the sum of $436.80, on a case stated, under the provisions of section 124 of article 75 of the Code.

The single purpose of the proceeding is to have a proper determination and construction of section 115 of article 81 of the Code, relating to the State tax on commissions of executors and administrators.

Section 115 of article 81, volume 4 of Bagby's Code, provides, that "all commissions allowed to executors and administrators by the orphans' courts of this State shall be subject to a tax, for the benefit of the State, of an amount equal to one per cent. on the first twenty thousand ($20,000) dollars of the estate, and one-fifth of one per cent. on the balance of the estate, and, said tax shall be due and payable whether the executor or administrator waives his commissions or not, it being hereby intended that no commissions less than this tax shall be allowed by the orphans' court of this State and that no waiver of commissions shall defeat the payment of this tax. And when a legacy is left to an executor by way of compensation, such legacy shall be reckoned in the commissions fixed by the court."

The facts of the special case are stated in the plaintiff's declaration, and are in part as follows: William F. Airey of Baltimore City died on January 4th, 1920, leaving a last will and testament, which was duly offered for probate in the Orphans' Court of Baltimore City, and a caveat to the will was filed thereto, and thereupon J. Maude Watson and Robert W. Williams were appointed administrators *pendente lite* of his estate; that the validity of the will was finally sustained by a decision rendered by the Court of Appeals of Maryland (137 Md. 385).

That on May 2, 1921, the administrators *pendente lite* filed a first and final account, which, so far as is here material was as follows:

Total assets of estate to April 1st, 1921...$143,646.13
Commissions at the rate of 5% on first
   $20,000 of estate and 1% on remainder,
   allowed to these administrators by the
   Orphans' Court..............$2,236.46
Other expenses aggregating...... 3,008.28
                             ————— 5,244.74

Balance of estate transferred to Robert W.
   Williams, Administrator *c. t. a.*........$138,401.39

The State tax on the aforegoing commissions at the rate
of one per cent. on the first $20,000 and one-fifth of one per
cent. on the balance of the total estate, amounting to $447.29,
has been paid.

Robert W. Williams was appointed administrator *c. t. a.* of
the estate by the Orphans' Court of Baltimore City on April
4, 1921. On May 2, 1921, he filed a first and final account,
which, so far as is here material, was as follows:

Amount received from administrators *pen-
   dente lite*..........................$138,401.39
Additional assets collected by administrator
   *c. t. a.* aggregating................... 11,438.17

Total assets received by administrator
   *c. t. a.*..........................$149,839.56

The commissions allowed the administrator *c. t. a.,* as set
forth in the account, were as follows:

"Paid commissions at the rate of 5% on first $20,000
of estate and 1% upon remainder, allowed to this ad-
ministrator by Orphans' Court"—$2,298.40.

The administrator *c. t. a.* has paid to the State a tax of
$22.88, being calculated at the rate of one-fifth of one per
cent. on the additional items shown by the aforegoing account
to have been collected by him, *i. e.,* on $11,438.17. This pay-
ment was made without prejudice to the State's right to col-

lect any additional tax that may be found to be due. The State claims that the tax should have been calculated at the rate of one per cent. on the first $20,000 and one-fifth of one per cent. on the balance of the whole estate shown to have been received by the administrator c. t. a. in the aforegoing account, i. e., on $149,839.56. On this contention the total tax payable by Robert W. Williams, administrator c. t. a., would have been $459.68 instead of $22.88, paid by him as above stated without prejudice, which would leave a balance due the State of $436.80, and this suit is brought to have determined upon the facts, thus stated, whether or not out of his commissions of $2,298.53, the defendant administrator should pay the State, appointing him, either $22.88 or $459.68, or, as stated in the declaration, does Robert W. Williams, administrator c. t. a. of the estate of William F. Airey, owe to the State of Maryland the sum of $436.80, as a further tax on commissions allowed to him as administrator c. t. a. in his first and final account by the Orphans' Court of Baltimore?

The contention upon the part of the State is that the tax fixed by the statute is payable on each succeeeding administration of the estate, whereas the appellant claims that if the tax is paid once, it cannot be collected a second time from any other representative of the same estate.

The rule of law, in the construing of statutes, is well settled and it is this, that when the language used in the act is plain, clear, and unambiguous, it is the manifest duty of the court to give it force, and no construction ought to be made against the express letter of the statute, for nothing can so express the meaning of the makers as their own direct words.

In *Maryland Agricultural College* v. *Atkinson,* 102 Md. 560, this Court said that, upon a question of statutory construction, the principles which should guide the court have been repeatedly declared by decisions in this State and elsewhere. The underlying principle of all construction is that the intent of the Legislature should be sought in the words

employed, to express it, and when found it should be made
to govern, not only in all proceedings which are had under
the law, but in all judicial controversies which bring those
proceedings under review. *Maxwell* v. *State,* 40 Md. 292;
*Clark* v. *Baltimore,* 29 Md. 281; *Wachter* v. *McEvoy,* 125
Md. 406; *Alexander* v. *Worthington,* 5 Md. 472.

The language of section 115 of article 81 of the Code, now
under consideration, is broad and comprehensive, and free
from doubt or uncertainty. It is stated, in clear and explicit
terms, that all commissions allowed to executors or adminis-
trators by the orphans' courts of the State shall be subject to
a tax for the benefit of the State.

When the Legislature, therefore, said "that all commissions
shall be taxed," it clearly meant what the language of the
act clearly stated, and a court should not adopt or give a
construction that would either limit or extend its operation
beyond its plain meaning.

In *Cearfoss* v. *State,* 42 Md. 403, it is said that it is only
in cases where the meaning of a statute is doubtful that the
courts are authorized to indulge in conjecture as to the inten-
tion of the Legislature, or to look to consequences in the con-
struction of the law. When the meaning is plain, the act
must be carried into effect according to its language, or the
courts would be assuming legislative authority. *Wilson* v.
*State,* 21 Md. 8.

In *Owings* v. *the State,* 22 Md. 120, this Court said that
"the office of executor or administrator being generally one of
profit, the General Assembly, in order to increase the revenues
of the State, made their commissions subject to a tax of one-
tenth. Where the executor, as such, enjoys the benefit of his
office, it was proper he should take it *'cum onere.'* "

We hold, therefore, that the court below was right in its
construction of the statute, and that all commissions allowed
to executors or administrators are subject to the tax fixed by
the act and stated therein.

This conclusion and construction of the statute, we think, is supported by an examination of the other sections of the act, bearing on the subject.

Section 116 of article 81 provides that the several orphans' courts shall fix the commissions of executors within twelve months from the grant of administration, and in all subsequent accounts wherein executors shall charge themselves with further assets, and they shall fix such commissions in *all* cases, in which letters of administration have been or may hereafter be granted, whether commissions are claimed by the executors or not, and *all* commissions so fixed shall be subject to the tax imposed by the foregoing section.

In section 117 it is provided that every executor or administrator shall pay said tax, to the register of wills of the proper county or city on the passage of his accounts, and a failure to do so within thirty days makes the bond of the executor or administrator liable for suit.

Section 119 provides that the orphans' court, in fixing the commission of executors and administrators, shall make no allowance for the tax hereby imposed, it being hereby intended that the said tax shall be paid out of the commissions and not by the estate of the deceased.

These sections, considered in connection with section 115, it will be observed, clearly shows, that it was the intention of the Legislature to require every executor and every administrator of every kind to pay a tax on his commissions.

The tax, it will be seen, does not come out of the estate but out of the commissions allowed for the benefit of the State, and is in the nature of a tax for the privilege of serving in the office of executor or administrator. *Fisher* v. *State,* 106 Md. 120; *Wingert* v. *State,* 129 Md. 30.

The case of *St. Mary's Female Orphan Asylum* v. *Hankey,* 137 Md. 568, relied upon by the appellant, is altogether unlike this case, and is not controlling on this appeal. The only question decided in *Hankey's* case was that successive administrations of an estate did not justify the allowance of com-

missions in excess of the amount named in the statute and allowed by law.

In *Smith* v. *State,* 66 Md. 217, it is said, that "whatever latitude may, at one time, have been assumed by courts in the construction of statutes, the more recent cases have established the rule that when the language of a legislative enactment is clear and unambiguous, a meaning, different from that which the words plainly imply, cannot be judicially sanctioned. Even when a court is convinced that the Legislature really meant and intended something not expressed by the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity. *Roland Park Co.* v. *State,* 80 Md. 448; *Brager* v. *Bigham,* 127 Md. 148.

As the conclusion we have reached, in the construction of the statute here in question, is in accord with that reached by the court below, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*