FRANCIS R. CROSS ET AL., EXECUTORS, *v.* EDWIN
R. DOWNES, REGISTER OF WILLS.

[No. 111, October Term, 1932.]

*Decided February 15th, 1933.*

The cause was argued before BOND, C. J., URNER, ADKINS,
OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*D. List Warner,* with whom was *Francis R. Cross* on the
brief, for the appellants.

*William L. Henderson, Assistant Attorney General,* with whom were *William Preston Lane, Jr., Attorney General,* and *Willis R. Jones, Deputy Attorney General,* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This is an appeal from the judgment on a verdict in favor of plaintiff in a case submitted to the Baltimore City Court on a special case stated.

The executors of James C. Gittings, deceased, filed their administration account in the Orphans' Court of Baltimore City, and at the same time the sum of $1,377.21 was paid out of the estate as a tax on the commissions of the executors. The executors did not claim or receive any commissions. The amount of the gross federal estate tax, as computed by the Commissioner of Internal Revenue, is $8,573.18. In arriving at this tax the commissioner deducted from the gross estate the said payment of $1,377.21, treating this payment as executors' commissions and a part of the expense of administration. This was done over the protest of the executors, who contend that this amount should be used as a credit against the amount of the Maryland estate tax. Under the provisions of the federal and state laws, the estate is entitled to claim as a credit 80 per cent. of the gross federal estate tax of $8,573.18, or $6,858.54. The executors contend that the Maryland estate tax due by the estate is the said amount of $6,858.54, less credits for collateral inheritance taxes and tax on commissions heretofore paid. The register of wills admits that the amount claimed by the executors for collateral inheritance taxes is a proper credit, but denies that the claim for a credit on account of the tax on commissions is a proper one.

The case presents the narrow question, viz.: Is the Maryland tax on commissions of executors and administrators an "estate, inheritance, legacy, or succession tax" within the meaning of section 1093 of title 26 of U. S. Code, Ann., and section 2 and subsection i of section 1 of article 62A of the Code of Public General Laws Supplement of Maryland?

These sections provide, respectively, as follows:

Section 1093 of title 26 U. S. Code Ann.: "Taxes paid States, Territories, or District of Columbia as credits; limitations. The tax imposed by section 1092 of this title shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or Territory or the District of Columbia, in respect of any property included in the gross estate. The credit allowed by this section shall not exceed eighty per centum of the tax imposed by section 1092 of this title, and shall include only such taxes as were actually paid and credit therefor claimed within three years after the filing of the return required by section 1096 of this title. (June 2, 1924, 4.01 p. m., c. 234, § 301 (b), 43 Stat. 303; Feb. 26, 1926, c. 27, § 301 (b), 44 Stat. 70."

Section 2 of article 62A of the Maryland Code (Supp. 1929): "Tax Imposed. In addition to the tax and/or taxes imposed by article 81, a 'Maryland Estate Tax' is hereby imposed upon the transfer of the 'Maryland Estate' of every 'Decedent,' the amount of which 'Maryland Estate Tax' shall be equal to the extent, if any, of the excess of the 'Credit' over the aggregate of 'State Taxes,' payable by or out of the 'Maryland Estate' of the 'Decedent' or any part thereof, provided, however, that such 'Maryland Estate Tax' hereby imposed shall in no case exceed the extent to which its payment will effect a saving or diminution in the amount of the 'Federal Estate Tax,' payable by or out of the 'Estate' of the 'Decedent' had this Article not been enacted."

Subsection (i) of section 1 of article 62A of Maryland Code (Supp. 1929): "(i) The term 'State Taxes' means the aggregate estate, inheritance, succession, collateral inheritance and/or legacy taxes paid to any State, Territory or the District of Columbia, including also such taxes of any of the above kinds as are imposed by the State of Maryland other than the 'Maryland Estate Tax' imposed by this Article, allowable in computing the maximum credit under said Section 301 (b) of said 'Revenue Act of 1926,' except such taxes of any of the above kinds upon or with respect to 'Nontaxable property' of the 'Decedent.' "

The purpose of the Maryland statute was to give the State the benefit of the full eighty per cent. credit allowed by the Act of Congress. The deductions allowed by the federal act are limited to "estate, inheritance, legacy, or succession taxes," and the Maryland statute is adapted to this limitation.

Does the tax on commissions, imposed by sections 101 and 102 of article 81 of the Code (Supp. 1929), come within this limitation?

These sections are as follows:

"101. All commissions allowed to executors by the Orphans' Courts of this State shall, except as provided in Section 130 of this Article, be subject to a tax, for the benefit of the State, of an amount equal to one per cent. on the first twenty thousand ($20,000) dollars of the estate, and one-fifth of one per cent. on the balance of the estate, and said tax shall be due and payable whether the executor waives his commissions or not, it being hereby intended that no commissions less than this tax shall be allowed by the Orphans' Courts of this State, and that no waiver of commissions or devise or legacy as compensation or in lieu of commissions shall defeat the payment of this tax.

"102. The several orphans' courts shall fix the commissions of executors within twelve months from the grant of administration, and in all subsequent accounts wherein executors shall charge themselves with further assets, and they shall fix such commissions in all cases, in which letters of administration have been or may hereafter be granted, whether commissions are claimed by the executors or not; and all commissions so fixed shall be subject to the tax imposed by the foregoing section; provided that where commissions are allowed both to an administrator or executor and an administrator *de bonis non* or *pendente lite* on the same property or funds, the said tax shall be paid but once."

Sections 101 and 102 of article 81, as they now appear in the Code, are as they appear in the recodification and revision of the tax laws of this State by chapter 226 of the Acts of 1929. This act did not materially change the law as to tax on commissions as it had been since the Act of 1916, ch.

559, and as it appeared in the Code of 1924, except by the proviso in section 102 that, where commissions are allowed both to an administrator or executor and an administrator *de bonis non* or *pendente lite* on the same property or funds, the said tax shall be paid but once. To the extent of this proviso, and in no other respect, the law was changed as it existed at the time of the decision in 1923 in *Williams v. State*, 144 Md. 18, 123 A. 457, 459. The Act of 1929 did omit section 123 of article 81 of the Code of 1924 (Code 1912, art. 81, sec. 119), which provided that the orphans' court in fixing commissions should make no allowance for the tax, "it being hereby intended that the said tax shall be paid out of said commissions, and not by the estate of the deceased."

Appellants in their brief lay great stress on this omission, as indicating an intention on the part of the Legislature to change the character of this tax. But we cannot attribute to the Legislature any such intention in the omission of a purely superfluous expression, in view of the express provisions of sections 101 and 102 as they now stand, and in view of the history of such legislation since the Code of 1860. By section 107 of article 81 of that Code, the executor could elect to take less than he was entitled to and the tax was imposed only on the commissions claimed. But this section was repealed by chapter 18 of the Acts of 1861-62, which provided that the orphans' court shall fix commissions in all cases, whether claimed by the executor or not. The tax continued to be fixed on the basis of a percentage of commissions allowed until the present basis was fixed by chapter 559 of the Acts of 1916.

As stated by counsel for appellants in their brief, this act was intended to frustrate such attempts as had frequently been made by executors to save taxes for estates by having commissions fixed at some nominal amount. But neither by that act, nor by any subsequent legislation, was there anything to suggest a departure from the plan that the tax should be paid by the executor on the commissions fixed by the

orphans' court. The method of arriving at the amount of the tax was changed, but not its source. As said in the case of *In re Estate of Watts,* 108 Md. 696, 699, 71 A. 316, 318, when the Legislature provided "that the orphans' courts shall fix commissions in all cases, whether claimed by the executor or not, the Legislature manifestly intended that the question of commissions should no longer be left to the election of the executor. He, of course, is not required to accept the commissions allowed, and may waive all or any part thereof, except the amount of the tax imposed by section 112 (now section 101), but the orphans' court is required to fix the commissions, and it is on the commissions fixed by the court that he is required to pay the tax."

We can find nothing in the Act of 1929 to indicate a purpose on the part of the Legislature to make less applicable the above quotation, or to change the character of the tax as defined in *Williams v. State, supra,* where it was said: "The tax, it will be seen, does not come out of the estate, but out of the commissions allowed for the benefit of the state, and is in the nature of a tax for the privilege of serving in the office of executor or administrator."

It is the contention of appellants that because the tax is measured, "not by the amount of any commissions that may be allowed, but by the amount of the estate, and is expressly declared to be payable 'whether the executor waives his commissions or not,'" therefore it is a misnomer to call the tax a tax on commissions. It is difficult to see how that conclusion is arrived at in cases where commissions are actually paid, for then certainly the tax does not come out of the estate; and the method of arriving at the amount of the tax would be immaterial. And it is not perceived why the character of the tax is changed simply because the executor declines to accept commissions which the law requires the orphans' court to allow. He may turn back to the estate all the commissions allowed, but that does not relieve him of the obligation to pay the tax. The orphans' court fixes the amount of commissions which in its judgment should be paid for the services performed. When that is done the obligation

of the executor to pay the tax is incurred. It is his privilege to decline compensation, but not at the expense of the State. Our conclusion is that the tax on commissions paid in this case is not an estate tax, and is not deductible.

*Judgment affirmed, with costs.*

DIGGES and SLOAN, JJ., dissent.