GORDON TULL *v.* ALBERT B. FITZGERALD ET AL.,
Supervisors of Election.
[No. 91, October Term, 1934.]

*Decided October 25th, 1934.*

The cause was argued before BOND, C. J., PATTISON,
URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*L. Claude Bailey,* with whom were *Miles, Bailey &
Williams* on the brief, for the appellant.

*George H. Myers,* submitting on brief, for the appellees.

OFFUTT, J., delivered the opinion of the Court.
On September 28th, 1934, Gordon Tull, Esq., filed with
the Board of Election Supervisors for Somerset County,

Maryland, a certificate of nomination, in the form required by section 51, article 33, Code, nominating the said Tull as an independent candidate for the office of state's attorney of that county at an election to be held on November 6th, 1934. On October 6th, 1934, he received a letter from the board notifying him that his certificate had been filed too late, and that his name would not for that reason be placed upon the official ballot to be used at that election as a candidate for the office named in the certificate.

On October 11th, 1934, Tull filed in the Circuit Court for Somerset County against the Board of Election Supervisors a petition in which, after alleging the facts stated, he prayed that a writ of mandamus issue, directed to the defendants, requiring them to place his name on the ballot to be used at the election to be held on November 6th, 1934, as an independent candidate for the office of state's attorney for Somerset County. The defendants answered, admitted the facts alleged, but stated that under section 55, article 33, Code, as amended by Acts 1931, ch. 239, they were not authorized to place his name on the official ballot, because the certificate was filed later than fifteen days before the primary election held on September 12, 1934. A demurrer to that answer was overruled, and judgment entered for the defendants. This appeal is from that judgment.

The single question presented by the appeal is whether the provisions of section 55, article 33, Code, as amended in 1931, apply to certificates of nomination filed under the provisions of section 51 of that article.

Section 51, originally enacted as section 38 of chapter 202 of the Acts of 1896, is that section of the Code which provides the machinery and the authority for the nomination of candidates for elective office "otherwise than by a convention or primary election." At present it contains, among others, the following provisions which are material to the question stated: "A candidate for public office, including candidates for the office of United States Senator from Maryland, may be nominated otherwise

than by a convention or primary election in the manner following: A certificate of nomination containing the names of a candidate for office to be filled with such information as is required to be given in certificate provided for in Section 50 of this Article, with the additional statement that the persons signing the same intend to vote for the person nominated thereby shall be signed by voters in numbers as follows residing in the political division in and for which the officer is to be elected—that is to say: * * * No person who has been a candidate for nomination by a political party at the primary elections preceding a general election shall be nominated for an office to be filled at such general election in the manner prescribed by this section."

Section 55 also originated in chapter 202 of the Acts of 1896, as section 42, and as it now stands (Acts 1931, ch. 239) provides that: "Except in cases provided for by Section 59 and cases of special election to fill vacancies in office caused by death, resignation or otherwise, and except in cases of nominations which are made at the primary election, such certificates of nomination shall be filed respectively with the Secretary of State in cases of nominations for State-wide offices, and in cases of nominations for offices where the certificate is required to be filed with the Supervisors of Elections, with the Board of Supervisors of Elections not later than fifteen days before the day on which the primary election is held or should be held under the primary election law; and in case of any vacancy which may exist in respect to any office or Delegates to Convention, by reason of there being no candidate to file for the same in any such primary election such vacancy shall be filled and the certificate of nomination filed with the Secretary of State or the Board of Supervisors of Elections as the case may be, not later than fifteen days before the day on which the primary is held or should be held under the primary election law."

Section 59, referred to in section 55, provides for filing certificates of nomination to fill any vacancy occasioned by the death or declination of a nominee before election

432

day or which has occurred because a certificate of nomination has for some cause become inoperative or insufficient.

As first enacted there was nothing in section 51 to prevent a defeated candidate in a primary election from also becoming an independent candidate at the next ensuing general election, and the law remained in that state until the Act of 1922, which added the language quoted above, which made one who has been a candidate at a primary election ineligible for nomination as a candidate under the provisions of that section, at the ensuing general election. As originally enacted, section 55, then section 42, Acts of 1896, provided that: "Except in cases provided for by section 46, and cases of special elections to fill vacancies in office caused by death, resignation or otherwise, such certificates of nomination shall be filed, respectively, with the Secretary of State not less than twenty days, and with the Boards of Supervisors of Elections not less than ten days before the day of election." The "certificates of nomination" therein referred to clearly embraced the certificates of nomination described in section 51, then section 38 of that act, and it made no exception of certificates of nomination issued as the result of party primaries or conventions, because at that time it was only necessary that certificates of nomination be filed with the Secretary of State twenty days before the election, and with the Boards of Supervisors of Elections not less than ten days before election. Section 42 followed sections 36 and 37, which provided for nominations by primaries and conventions, section 38, which provided for nominations by certificate, 39, which provided with whom certificates of nomination should be filed, 40, which prohibited the duplication of nominations and certificates, and 41, which provided for the preservation of all "certificates of nomination" filed under article 33 (Code Pub. Gen. Laws). All of those sections in the act fall under the subtitle "Nominations," and throughout the expression "certificates of nomination" is used to describe the certification of a nomination, however made.

After the enactment of chapter 399 of the Acts of 1922, until the enactment of chapter 240 of the Acts of 1927, it was possible for any person not ineligible under the Act of 1922 to file a certificate of nomination as an independent candidate with the Secretary of State not less than twenty-five days, and with the Boards of Election Supervisors not less than fifteen days, "before the day of election." Acts 1902, ch. 133. Chapter 240 of the Acts of 1927, however, moved the date before which such certificates of nomination must be filed back to the day on which the primary election "is held or should be held." Upon the enactment of that statute the provision of chapter 399 of the Acts of 1922, that a candidate at a primary election might not thereafter become an independent candidate at the next ensuing general election, became practically obsolete, because the probability that a candidate at a primary election would either before or on the primary election day become an independent candidate at the general election was both remote and tenuous, and that obsolescence was emphasized by chapter 240 of the Acts of 1931, which provided that such certificates of nomination must be filed not less than fifteen days before the day on which the primary election is or should be held.

Because of that situation the appellant suggests that, if the provisions of section 55 are held to apply to nominations made under section 51, the concluding paragraph of that section becomes meaningless, and that, because of that result, section 55 should be construed to apply only to party nominations.

There is, however, an insuperable objection to any such construction, and that is that when the legislative intent is clear and unmistakable, there is no room for construction, but the intent so declared by the Legislature must be accepted as final. *Mitchell v. State*, 115 Md. 365, 80 A. 1020; *Purnell v. Shriver*, 125 Md. 270, 93 A. 518; *Wachter, et al., Supervisors v. McEvoy*, 125 Md. 407, 93 A. 987; *Overton v. Harrington*, 126 Md. 35, 94 A. 325; *State Tax Commn. v. Harrington, Comptroller*, 126 Md. 166, 94 A.

537; *Williams, Admr., v. State,* 144 Md. 21, 123 A. 457; *Sea Gull etc. Co. v. Snyder,* 151 Md. 83, 134 A. 133.

An examination of section 55 leaves no doubt possible that the words "such certificates of nomination" used therein include certificates of nomination issued under the provisions of section 51. First, the expression "certificates of nomination" is used elsewhere in the article as including all certificates of nomination. Sections 56, 57. Second, the cases to which section 55 does not apply are expressly excepted from its operation by explicit and unambiguous language contained in the section itself, and the courts are not at liberty to expand those exceptions by including in them a class which the Legislature saw fit to exclude. Third, when the exceptions are examined it is found that nominations made under section 51, so far from being excepted from the operation of section 55, are the only nominations to which that section can apply, other than nominations made to fill a vacancy in an office as distinguished from a vacancy in a nomination. It expressly excludes from its operation nominations made at a primary election, but no nominations other than those made at a primary or convention are provided for in the preceding sections under the subtitle "Nominations" except nominations made under section 51, to which the expression "such certificates of nomination" could apply. Certificates for nomination at a primary election for an office local to a county or the City of Baltimore must be filed "not less than twenty days before said primary election" (article 33, sec. 198, Code) ; so that manifestly the provisions of section 55 were not intended to apply to them, but, to obviate possible confusion, they are expressly excepted from its provisions.

Moreover, while in view of later legislation the concluding paragraph of section 51 has lost much of its vitality, it cannot be said to be wholly meaningless.

Its original purpose was to prevent a defeated candidate at a primary election from later becoming an independent candidate against a candidate of the party in whose primary he had been a candidate, or indeed from

becoming a candidate at all. And although other provisions of the article relating to the time of filing certificates of nomination now preclude that possibility, nevertheless the provision is still useful as a declaration of that policy, and as an aid in the interpretation of those sections. It also prevents one who, although not a candidate, is nevertheless interested in a primary election, from waiting until the results of the primary election are known before becoming an independent candidate, by requiring him to file his certificate of nomination as an independent candidate before the primary election, but at a time when the names of all candidates at such election are known. Section 58, as amended by Acts 1927, ch. 244, and section 198.

Assuming for these reasons that section 55 does apply to nominations under section 51, its provisions must be construed as mandatory (*Graham v. Wellington,* 121 Md. 659, 89 A. 232) ; and since the certificate of nomination presented to the Board of Supervisors of Elections for Somerset County by the appellant was not filed within the time limited by Code, art. 33, sec. 55, as amended in 1931, they had no power to place his name on the official ballot, and his petition for a mandamus compelling them to do so was properly dismissed. The judgment was therefore affirmed, as previously ordered.