EDITH RAWLINGS, ET AL *v.* JOSEPH M. ARMSTRONG

[No. 27, October Term, 1945.]

*Decided November 29, 1945.*

Submitted on brief to MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*George B. Woelfel* appeared on the brief for the appellant.

*Noah A. Hillman* appeared on the brief for the appellee.

HENDERSON, J., delivered the opinion of the Court.

Joseph M. Armstrong, a citizen, resident and taxpayer of Annapolis, and also the chairman of the Republican City Committee for that City, on April 26, 1945, by letter requested the Board of Supervisors of

Elections for the City of Annapolis to furnish him with a complete, certified copy of the names, addresses, color and ages of the registered voters in the First and Third Wards of Annapolis. The Board refused, and on May 2, 1945, Mr. Armstrong filed a petition for mandamus in the Circuit Court for Anne Arundel County to compel the furnishing of the list. To the petition a demurrer was filed by the Board, which was overruled, after hearing. The Board then filed an answer to which the petitioner demurred. The Court sustained this demurrer, and ordered the writ to issue. The Board appealed.

No procedural question is presented by the issuance of the writ. *Ghinger v. Fanseen,* 166 Md. 519, 172 A. 75. The sole question is one of statutory construction. It is not disputed that Section 13, Art. 2 (P. L. Laws), makes the provisions of the public general law applicable to all municipal elections in Annapolis. The only dispute is as to the meaning of Section 27, Art. 33 of the Code, 1939, reading in part, as follows:

"The said Board of Supervisors in the Counties shall furnish to anyone making written application therefor, within ten days after such application has been received, or in less time, if practicable, a certified copy under their hands of the names, addresses, color and ages of all persons registered in any election precinct or district of said county; for the sum of half a cent for each voter's name on said registry, which said sum shall be applied toward paying the expenses of making said certified copies."

The appellant contends that because this sentence appears in the middle of Section 27, and because this and adjoining sections deal principally with the registry of new and the elimination of removed voters, the language must be restricted to cover only the changes effected by the registration, and not the complete registry.

But the answer to this contention is clear from even a cursory examination of the statute. Section 27 has a separate provision dealing with the list of newly registered voters and the list of names erased. These lists

are required to be printed in handbill form and copies posted in the respective precincts; other copies may be purchased by the public at 5c per copy. *Collier v. Carter,* 100 Md. 381, 385, 60 A. 104. This provision is entirely separate and distinct from the provision as to the list of "all persons registered"; the latter plainly refers to the complete registry, for which a different charge is prescribed.

The language of the provision quoted above has been in the law since 1896 (Ch. 202, Sec. 22, Acts of 1896), and has been re-enacted without substantial change at least eight times. At the time the petition was filed in the case at bar, the last re-enactment was by Ch. 211, Acts of 1943. We note, however, a subsequent re-enactment by Sec. 18, Ch. 934, Acts of 1945. The requirement of preparing and posting handbills is entirely eliminated in this Act; it had been eliminated as to Baltimore City and three counties in the Act of 1943. Before the name of an individual voter is stricken from the registry, he must be given notice, and doubtless the posting of handbills was considered as a needless duplication. In any event, the furnishing of a complete list to anyone making written application therefor serves a different purpose, and one that would be useful to anyone desiring to communicate with the voters in regard to the issues of the campaign. Even in the absence of statute it has been held that a member of the public may inspect voting lists and make his own copy. *Clay v. Ballard,* 87 Va. 787; 13 S. E. 262. If a complete list could not be obtained for the charge prescribed, as the petitioner contends, the obvious purpose of the Statute would be defeated. Compare *Healy v. State,* 115 Md. 377, 385, 80 A. 1074; and *Tull v. Fitzgerald,* 167 Md. 429, 433, 175 A. 216. So without laboring the point, we shall affirm the ruling of the lower Court directing the writ to issue.

*Order affirmed with costs.*