COMPTROLLER OF THE TREASURY ET AL. *v.*
DAVIDSON, Co-Executor, Etc., ET AL.

[No. 253, September Term, 1963.]

*Decided April 3, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*Robert L. Karwacki, Assistant Attorney General,* with whom was *Thomas B. Finan, Attorney General,* on the brief, for the appellants.

*Charles G. Page,* with whom were *White, Page & Lentz* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court No. 2 of Baltimore City directing the Comptroller to pay interest on a refund of Maryland estate tax previously paid. The facts are virtually undisputed.

Morris Macht died on November 29, 1954, and the appellees qualified as executors. Because of the complexities of the holdings, consisting of real estate and interests in numerous closely held corporations, they petitioned the Circuit Court No. 2 to assume jurisdiction and it did so. The estate was ultimately valued at in excess of $9,000,000. On August 29, 1956, concurrently with the Federal estate tax return, the original Maryland estate tax return was filed, showing a net amount of

$256,069.37, which was paid. After a subsequent audit of the Federal estate tax return, the gross estate was increased and a deficiency assessment made. Before filing an amended Maryland estate tax return, the executors filed a petition making the Comptroller and Register of Wills parties defendant. Upon a case stated, a decree was entered confirming a former ruling of the Attorney General that the executors would be entitled to a refund of any overpayment. The decree provided in part that "by the true construction of Maryland Code (1957), Art. 62A, sec. 5, the said Executors will be entitled to refund of any overpayment of Maryland estate tax shown to have been made by them after the settlement of their final distribution account in these proceedings * * *." The executors thereupon filed an amended return and paid additional taxes, with interest, amounting to $165,182.59, on July 21, 1959. Inheritance taxes were not fixed or paid until distribution was made pursuant to an account stated on September 28, 1962. It is not suggested that the executors were in any wise lacking in diligence in failing to make an earlier distribution. It is also conceded that the inheritance taxes were not due until that date. A second amended Maryland estate tax return, because of a compromise of the Federal estate tax deficiency and the payment of inheritance taxes, disclosed an overpayment of Maryland estate tax. The Comptroller declined to pay interest on the overpayments due to credit for inheritance taxes, although conceding that the entire amount of the overpayments should be refunded, and interest on the portion due to the recomputation of Federal estate tax. The amount of interest found to be due by the court below was $50,052.96.

Code (1957), Art. 62A, sec. 5, provides in part: "Said Comptroller shall thereupon cause to be paid to said 'executor' from the fund retained by him, as provided in § 4 of this article, the amount of refund found to be due, together with interest thereon at the rate of six per centum (6%) from the date of payment of the 'Maryland estate tax' * * *." The Maryland estate tax imposed is equal to the extent, if any, of the excess of the maximum credit allowable to Maryland under section 2011 of the Internal Revenue Code of 1954 over the total inheritance taxes paid to Maryland in connection with the distribution of

the estate. Code (1957), Art. 62A, sec. 2. Since the inheritance taxes imposed upon the distributees were not payable until distribution, the final credit was not claimable until some years after the estate taxes became due and were paid. As to the interdependence of the estate tax and the inheritance tax see *Cross v. Downes,* 164 Md. 216.

The Comptroller argues that sec. 5 is limited in its application to refunds due to a redetermination of Federal estate tax liability. He argues that although credit is allowable under sec. 2, we must look to the catch-all provisions of Code (1963 Supp.), Art. 81, sec. 218, for refund, citing *Latrobe v. Comptroller,* 232 Md. 64. We think, however, that the *Latrobe* case is distinguishable. The refund of the beer tax there in question was not allowable under any other statutory provision. Section 218 provides in part: "All claims for the refund of special taxes, fees, charges, penalties or interest which may be allowed under the provisions of this subtitle shall * * * be paid by the State agency authorized to collect the same * * *. Interest at the rate of six per cent per annum shall be paid on such amounts refunded * * * but interest shall not be paid on tax refunds now pending or subsequently filed where the tax originally paid was paid in whole or in part by reason of a mistake or error on the part of the taxpayer and not attributable to the State or any department or agency thereof. * * *"

The appellees argue with some force that the whole claim for refund is controlled by Art. 62A, sec. 5, because the question was adjudicated in the former proceeding and became the law of the case. Cf. *Fid.-Balto. Bank v. John Hancock,* 217 Md. 367, 372. They point out that the determination of potential tax liability by a case stated is not unusual, citing *Coursey v. Hanover Bank,* 206 Md. 180. See also the cases collected in the Note, 2 A.L.R. 2d 514. They admit that interest was not mentioned in the decree but rely upon the declaration that sec. 5 should control. They also argue that by a fair construction of sec. 5, and its purposes, the refund there contemplated should include all overpayments of estate tax, however caused, and point to the incongruity of requiring resort to two separate procedures for refunds arising out of the same transaction.

But if we assume, without deciding, that resort to sec. 218,

might have been permissible, or even required, we think the Comptroller could not prevail. In order to have a forfeiture of interest under sec. 218, there must have been a mistake or error by the taxpayer, not attributable to the State or a State agency. It is perfectly clear, we think, that there was no mistake or error on the part of the executors. Payment of the Maryland estate tax was expressly required when the Federal estate tax was paid. Hence the exception cannot apply, and interest on the refund is required upon any theory of the case.

Finally the appellants argue that it is "inequitable" to allow interest to the appellees on the amount refunded. The argument seems to ignore the fact that the State had the use of the money down to the time of distribution, when the overpayment was established. It is true that the executors had the use of the money representing the inheritance tax, but that tax was not yet due. In any event, arguments of this kind are irrelevant where the statutory language is plain. Cf. *Weinberg v. Safe Dep. & Trust Co.*, 198 Md. 539, 549.

*Decree affirmed, with costs.*