## MAYOR AND TOWN COUNCIL OF LANDOVER HILLS ET AL. *v.* BRANDT

[No. 67, October Term, 1951.]

106

*Decided January 11, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Thomas Elmo Jones* for the appellants.

*Theodore L. Niazga* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal challenges the correctness of a recount conducted by Chief Judge Gray in the Circuit Court for Prince George's County, and a decree passed pursuant thereto, declaring that the appellee was duly elected Mayor of the Town of Landover in the election held May 9, 1951, by a vote of 200 to 199.

Certain preliminary questions were raised at the argument, though not presented in the briefs. The petition for recount was filed in equity. The answer did not raise any jurisdictional question, but we think it was improperly brought on the equity side of the court. The legislature has provided, as authorized by Article III, Section 47 of the Maryland Constitution, that "all cases of contested elections of any of the officers not provided for in the Constitution, or in the preceding section shall be decided by the judges of the several circuit courts, each in his respective circuit, and by the Superior Court of Baltimore City, in the City of Baltimore." Code (1947 Suppl.), Article 33, Section 108. It has been held that this section does not confer jurisdiction in equity. *Hamilton v. Carroll*, 82 Md. 326, 338, 33 A. 648. Nor would equity have inherent jurisdiction in the absence of fraud, or arbitrary or illegal action. Cf. *Hammond v. Love*, 187 Md. 138, 144, 49 A. 2d 75. However, the case could have been removed from equity

to law, Code, Article 75, Section 124, and heard before the same judge. Under the circumstances we are constrained to pass on the merits of the case without remanding it. Cf. *Burns v. Bines*, 189 Md. 157, 164, 55 A. 2d 487, 57 A. 2d 188.

A question was also raised as to the right to court review. Sections 108 and 109, Article 33 of the Code (1947 Suppl.) cover all cases of contested elections and provide for appeal to this court. Section 205 defines the word "election" to include elections "had within any county or city for the purpose of enabling voters to choose some public officer or officers under the laws of this State * * *." Section 12 of Chapter 465, Acts of 1945, incorporating the town of "Landover Hills", authorizes the appointment of judges of election, and provides that "the rules and procedure of conducting the election shall be governed by the general election laws of the State of Maryland on any question not provided for in this charter". It is also provided that "the ballot boxes containing the ballots shall be kept by the Town Clerk for thirty days from the date of said election, unless there is a recount, in which case they shall be kept until said recounting is finally concluded." We are disposed to hold that the provisions for court review contained in the general law were adopted by reference. The point was assumed, without citation of the local law, in *Coulehan v. White*, 95 Md. 703, 53 A. 786, involving an election for Mayor of Cumberland. Cf. *Rawlings v. Armstrong*, 185 Md. 310, 44 A. 2d 751.

Only three ballots are challenged by the appellant. He contends that ballots numbered 1 and 2 were improperly counted for the appellee, on the ground that they contain a mark "other than the cross-mark in a square opposite the name of a candidate", forbidden by Section 78, Article 33 of the Code (1947 Suppl.). The appellee contends that the ballots were properly counted, but also contends that if they were not, then ballots numbered 30 and 31 were improperly counted for the appellant. We have carefully examined the original ballots

and we think the trial court's rulings were correct. The court counted a number of ballots where the crossmarks had merely been repeated, but excluded other ballots where it appeared that a check mark had been made and a cross superimposed. The challenged ballots, on close inspection, do not indicate an initial check mark, but rather support the trial court's finding that the extra line, between the arms of the cross on its left side, was due to dragging, or failure to completely raise, the pencil after making, or repeating, the first mark. We think the marks fall in the category of those passed on in *Coulehan v. White, supra,* 95 Md. at page 712, 53 A. at page 787, class 21, as "apparently marked without design and simply as a result of nervousness or inexperience in the use of pencils". There is also force in the appellee's contention that if the court had taken the opposite view all of the four ballots would stand on the same footing, and the result would not be altered.

We think the court also ruled correctly as to the ballot numbered 38. There a mark like a vertical dash appeared between the upper arms of the cross on the upper margin of the box. This mark was certainly as distinct as the dot characterized in *Coulehan v. White, supra,* 95 Md. at page 712, 53 A. at page 787, class 20, "as a ready means of identification". Without attempting to add to the lore of *Coulehan v. White, supra,* we think the trial court's rulings correctly applied the principles there laid down by Chief Judge Boyd and adopted by the court on appeal.

*Decree affirmed, with costs.*