# Z. ETHEL POPE JONES

*vs.*

# WILLIAM F. BROENING, Mayor, et al.

*Municipal Corporations—Power to Exempt from Taxation—*
*Article XV of the Declaration of Rights.*

The power to tax, when conferred upon a municipal corporation, does not include the power to exempt and classify property for the purpose of taxation, such power existing only when expressly conferred or necessarily to be inferred.          p. 240

The Legislature having itself selected the objects of taxation for State, county and municipal purposes, authority to exempt property from taxation cannot be inferred from the provision of the Baltimore City Charter conferring power to levy annual taxes.          p. 242

The amendment to the Fifteenth Article of the Declaration of Rights, adopted November 2, 1915 (see Acts 1914, Ch. 390), providing that the General Assembly shall by uniform rules provide for separate assessment of land and classification and sub-classifications of improvements on land and personal property as it may deem proper, is not self-executing, and does not enable the City of Baltimore, in advance of action by the Legislature, to exempt entirely from taxation merchandise held for sale, and partially to exempt all buildings.          p. 242

*Decided November 21st, 1919.*

Appeal from the Circuit Court of Baltimore City (Gor-
ter, J.).

The cause was argued, together with that next preceding, before Boyd, C. J., Burke, Thomas, Pattison, Urner, Stockbridge and Adkins, JJ.

*Arthur W. Machen, Jr., Julian S. Jones* and *Joseph C. France,* for the appellants.

*Roland R. Marchant, William H. Maltbie* and *Alfred S. Niles,* for the appellees.

*Wm. Edgar Byrd,* attorney for the Real Estate Board of Baltimore City, filed a brief as *amicus curiae,* as did *Osborne I. Yellott,* attorney for the Home Builders' Association.

ADKINS, J., delivered the opinion of the Court.

This is an appeal from the refusal of the Circuit Court of Baltimore City to enjoin the Mayor and City Council of Baltimore from continuing the publication of an advertisement of a proposed amendment to the Charter of said City relating to the exemption of merchandise and the lower taxation of buildings, and the Supervisors of Election of said City from placing upon the official ballot to be used at the general election to be held in said City on November 4th, 1919, and from using any public money or funds for defraying the costs of such advertisement or of printing said proposition on the official ballots.

The said amendment was proposed as a new sub-section to Section 6 of said Charter to follow immediately after Sub-Section 28 (B), to be known as Sub-Section 28 (BB) and is as follows:

"'BB'—Exemption of merchandise and lower taxation of buildings.

"In order to encourage the growth and development of commercial enterprises in Baltimore City and to lessen the cost of goods therein, beginning with the assessment and levy of City taxes for the year 1921, and thereafter, all merchandise held for sale shall be exempted from taxation for all ordinary municipal purposes."

"To stimulate the erection of buildings and general City development and to encourage home owning it is hereby provided that for the year 1922 no building shall be taxed by the City for ordinary municipal purposes at more than ninety per cent. of the regular City rate prevailing in the same taxing district; for the

year 1923 no building shall be taxed at more than eighty per cent. of the regular City rate in such district; for the year 1924 no building shall be taxed at more than seventy per cent.; for the year 1925 at more than sixty per cent., and for the year 1926 and thereafter no building shall be taxed at more than fifty per cent of the regular City rate prevailing in said district. Any and all portions of this Charter in conflict or inconsistent with this sub-section are hereby repealed."

The right to submit the proposed amendment is contested by the appellants on the following grounds, as alleged by them:

1.   The Charter of Baltimore City supposed to have been adopted under Article XI-A of the Constitution, known as the Home Rule Amendment, was never validly adopted because:

(*a*) It was not advertised by the Mayor as requested by said Constitutional Amendment in two newspapers of general circulation published in the City of Baltimore within thirty days after it was reported to him by the Charter Commission.   It was advertised in the *Daily Record* and in the *Municipal Journal* and the contention of appellants is that neither of these papers was a newspaper of general circulation.

(*b*) It was not submitted to the voters of said City at the next general or Congressional election after the repeal of said Article XI-A, in that the four new wards added by the Act of 1918 were not included with the rest of the City in the vote on the proposition.

2.   Even if the Charter were validly adopted the proposed amendment is beyond the powers of the voters of Baltimore City, contrary to the Constitution and Declaration of Rights, and therefore void.

The first objection was considered and disposed of in the opinion filed at this term in the case of *Lucy J. Williams et*

*al.* v. *W. F. Broening, Mayor, et al.,*[*] and it is not necessary to repeat here what was said in that opinion.

There remains for consideration only the second objection.

It will be noted that the proposed amendment to the Charter undertakes to exempt wholly from taxation for all ordinary municipal purposes all merchandise held for sale, and to partially exempt from such taxation all buildings in Baltimore City.

It is contended by appellees that the full grant of the taxing power was given to Baltimore City by the Act of the Legislature of 1874, Chapter 39, and that under said Act the City acquired all the powers and rights in regard to taxation within its limits that the State itself then had; that the power to tax includes the power to exempt and classify except as modified or restrained by Constitutional limitations; that when the people of Maryland on November 2nd, 1915, adopted an amendment to Article 15 of the Declaration of Rights they removed the only restriction to the power of the State to exempt and classify property and that by the Home Rule Amendment to the Constitution the way was cleared for the City to exercise the same unrestricted power.

If it be true as a general proposition that the power to tax in a sovereign State includes the power to exempt and classify (and this is true subject to certain important limitations), it does not follow that this principle is applicable to a municipality which derives its powers only by express grant from the State. Mr. Cooley in his work on Taxation, says: "Power of exemption, pertaining as it does to the sovereign power to tax, the municipalities of a State have not the exempting power except as they are expressly authorized by the State. And obviously it is not competent to confer a general power to make exemption, since that would be nothing short of a general power to establish inequality." 1 *Cooley on Taxation,* 344 and 345.

---

[*] *Ante,* p. 226.

"It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the accomplishment of the declared objects and purposes of the corporation, not simply convenient, but indispensable." *Dillon's Municipal Corporations* (5 Ed.), Sec. 237.

The real and only question therefore to be decided under the objection we are now considering is, has authority express or necessarily inferable been given to the City of Baltimore either by the Constitution or the laws of this State to make such exemptions as are contemplated by the proposed amendment to its Charter?

Certainly none has been expressly given by any statute. If it did not exist prior to the adoption of Article XI-A of the Constitution it was not conferred by that Article, because in Section 6 thereof is found this express proviso:

> "That this Article shall not be construed to authorize the exercise of any powers in excess of those conferred by the Legislature upon said counties or City as this Article sets forth."

And in Section 2 of said Article it is provided:

> "Such express powers granted to the counties and the powers heretofore granted to the City of Baltimore, as set forth in Article 4, Section 6, Public Local Laws of Maryland, shall not be enlarged or extended by any Charter formed under the provisions of this Article, but such powers may be extended, modified, amended or repealed by the General Assembly."

Article 4 Section 6 Sub-Section 28 confers upon the City the power to levy annually upon the assessable property of the City, by direct tax such sum of money as may be necessary for the support of the City Government, etc., but nowhere in said Article can be found any express authority to

exempt property from taxation except in Sub-Section 28 paragraph C where exemption to encourage manufacturing is authorized. Express authorization in this one instance only emphasizes the general absence of power. Nor is such power necessarily or fairly implied in, or incident to the powers expressly granted, the Legislature itself having selected the objects of taxation for State, county and municipal purposes. Public General Laws, Article 81, Section 2.

If there ever was any serious question in the minds of people generally as to the state of the law on this question under the old Article 15 of the Bill of Rights, it was effectually settled by the decision of this Court in *Wells* v. *Hyattsville,* 77 Md. 125.

But it is strongly urged by the appellees that since that case was decided, the people of Maryland in amending Article 15 of the Declaration of Rights have definitely adopted as the policy of the State the scheme of classification of property for taxation purposes, with the local right to exempt special classes from local taxation.

In answer to this contention it is sufficient to say that whatever new powers of taxation may have been given the City by the substitution of the amended Article 15 for the old, the exercise of such additional power is postponed by the express language of the amendment until after the Legislature has complied with the mandate that the General Assembly shall "by uniform rules provide for separate assessment of land and classification and sub-classification of improvements of land and personal property as it may deem proper." *Leser* v. *Lowenstein,* 129 Md. 249.

For the reasons herein expressed the decree of the lower Court was reversed by a *per curiam* order passed on the 23rd day of October, 1919, and the case remanded in order that an injunction might be granted in accordance with the prayer of the bill.

*Order reversed and case remanded with costs to appellant.*