## VAUGHAN *v.* BOONE, Secretary of State
[No. 101, October Term, 1948 (Adv.)]

516

Decided per curiam October 8, 1948.

*Opinion filed November 11, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Thomas F. Cadwalader,* with whom was *William L. All* on the brief, for the appellant.

*Hall Hammond, Attorney General,* and *J. Edgar Harvey, Deputy Attorney General,* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

On October 1, 1948, the appellant in this case, a citizen and registered voter of the City of Baltimore and State of Maryland, and chairman of the Campaign Committee of the States' Rights Democratic Party, filed a Petition for Mandamus in the Superior Court of Baltimore City to require the Secretary of State to receive the certificate of nomination of its candidates, J. Strom Thurmond and Fielding L. Wright, for President and Vice-President of the United States, and its candidates for electors pledged to vote therefor. The petition also prayed that the Secretary of State be required to cause the names of the signers thereof to be published as required by law, and to certify to the Supervisors of Elections of each county of the State and of Baltimore City

the names and descriptions of the persons so nominated for inclusion on the ballots or voting machines. The Attorney General, representing the Secretary of State, demurred to this petition, and the trial court sustained the demurrer, without leave to amend, and dismissed the petition. We advanced the case and after hearing argument on October 8, 1948, affirmed the judgment in a *per curiam* order.

The case turns upon a narrow question of statutory construction. The Attorney General raises no procedural objections and concedes that the Certificate of Nominations contains the requisite number of signatures and is in proper form. He contends, however, that it cannot be received, published or certified, because it was not presented within the time specified in Section 44 of Art. 33 of the Code (1947 Supp.), which requires nominating petitions to be filed not later than 15 days before the day of the primary elections, held on the first Monday of May in Presidential election years. The appellant concedes that it is within the power of the State Legislature to provide how electors shall be chosen, under the Federal Constitution, but contends that Section 44 of Art. 33 is not applicable, and that the right to file the certificate is controlled by Sections 39 and 45 of Art. 33. The petition alleges, and the demurrer concedes, that the States' Rights party was not conceived of or formed until after the National Conventions of the two major parties, held after the primary elections, so that it would have been impractical, if not impossible, to comply with the provisions of Section 44, if applicable. The petition also alleges that unless the names of the candidates appear upon the ballots or voting machines, persons desiring to vote for such candidates will be hampered or embarrassed in the exercise of their voting rights by the necessity of writing in the names of such candidates.

Section 39 of Art. 33 provides for nominations for office, otherwise than by conventions or primary elections, by certificates of nomination signed by registered voters who state their intention to support the nominees.

If the "office" is to be filled by an election participated in by the voters of the entire State", the number of signatures required is not less than two thousand. Lesser numbers are required for congressional or local elections. Section 45 provides that the Secretary of State shall certify the nominees to the various Supervisors of Elections "not less than eighteen days before an election to fill any public office". Section 44 provides that "except in cases provided for in Section 48 [dealing with vacancies] and cases of special election to fill vacancies in office caused by death, resignation or otherwise, and except in cases of nominations which are made at the primary election, such certificates of nomination shall be filed respectively with the Secretary of State in cases of nominations for State-wide offices, and in cases of nominations for offices where the certificate is required to be filed with the Supervisors of Elections, with the Board of Supervisors of Elections not later than fifteen days before the day on which the primary election is held or should be held under the primary election law." The Secretary of State and the Supervisors of Elections, respectively, are required to publish the names of all signers "within thirty days after the filing of any such petition." The latter provision was discussed and held valid in *Munsell v. Hennegan,* 182 Md. 15, 23, 31 A. 2d 640, 644, 146 A. L. R. 660. It was said in that case that "in some cases the courts have stressed the right of a political party to have its candidates on the ballot, while in other cases, the right of the legislature to impose reasonable restrictions has been given greater weight." Compare *Kenneweg v. Allegany County Com'rs,* 102 Md. 119, 62 A. 249.

The appellant argues that although the nominations in the case at bar are for offices "to be filled by an election participated in by the voters of the entire State", as mentioned in section 39, they are not "nominations for State-wide offices," as mentioned in Section 44. We think this argument is unsound for several reasons. In the first place, it would appear that the legislature did not

intend that the words should be taken in a literal sense, in view of the definition contained in section 58(a) which, in speaking of conventions, refers to "Every candidate for the nomination for a State office, that is to say, an office filled by the vote of all the registered voters of the State of Maryland". In the second place, the Federal Constitution, (Article II, Section 1) contemplates that the States shall appoint electors, who in turn select a President and Vice-President. *McPherson v. Blacker,* 146 U. S. 1, 35, 13 S. Ct. 3, 36 L. Ed. 869. It is only by virtue of Sections 116 and 117 of Art. 33 that the names of candidates for the office of electors may be omitted from the ballot. In legal theory, a vote for candidates of a particular party for President or Vice-President is deemed and counted as a vote for each of the Presidential electors nominated by that party. Such electors are not Federal but are State officers, selected by voters of the entire State.

In *Tull v. Fitzgerald,* 167 Md. 429, 175 A. 216, 218, a nominating petition was filed on September 28, 1934, by an independent candidate for State's Attorney for Somerset County. The election was held on November 6, 1934, and the primary election preceding it was held on September 12, 1934. In holding that the petition was filed too late, this Court said: "An examination of Section 55 [now section 44] leaves no doubt possible that the words 'such certificates of nomination' used therein include certificates of nomination issued under the provisions of Section 51 [now section 39] * * * since the certificate of nomination * * * was not filed within the time limited by Code, Art. 33 § 55, as amended in 1931, they have no power to place his name on the official ballot". The Court also pointed out that the legislature acted within its powers in excluding from the ballot an independent candidate who waited to see how the primaries resulted before deciding to run.

The appellant argues, however, that even though the provisions of section 44 are applicable to the certificates of candidates for local office and to some of the certi-

cates required to contain the names of not less than two thousand signatures under section 39, it does not apply to all such certificates. There would seem to be no reason for such a distinction, because obviously there could be a difference of opinion as to party principles following a convention or primary at the State level as well as the national level. And the requirement of publication "within thirty days" after filing would be equally necessary or desirable in each case. As we have already indicated, we think the legislature used the term "State-wide offices" as embracing all offices to be filled by voters of the entire state. What is a reasonable limitation in one case could hardly be unreasonable in another. The wisdom or policy of the limitation is for the legislature and not the courts to determine.

The appellant relies strongly upon the case of *Iverson v. Jones,* 171 Md. 649, 187 A. 863, 864. In that case the Union Political Party, organized in August, 1936, sought to have the names of its candidates for President and Vice-President, and its candidates for electors, placed upon the ballot, pursuant to a nominating convention held on September 30, 1936. It was held that the convention method was not available. In discussing the petition method, this Court said: "This method would have been available to the members of the new party, and it would have been the only method provided for them by the law. As it was not followed, the nominations could not be acted on by the Secretary of State under any authority vested in him." If this *obiter* statement was intended to mean that the petition method is available without regard to the time limitation prescribed by section 44, we decline to follow it. In so holding, however, we express no opinion as to what methods may be available to members of the new party in exercising their write-in privilege, discussed in *Jackson v. Norris,* 173 Md. 579, 195 A. 576.

If there were any doubt as to the intention of the legislature as gathered from the language of section 44 (as originally enacted by Ch. 239, Acts of 1931) and related

sections, it would seem to have been dispelled by the subsequent reenactments of the section, particularly the reenactment of the entire Article 33 of chapter 934 of the Acts of 1945, without substantial change, in the light of consistent rulings by the Attorney General construing the sections so as to impose the time limitation on certificates of nomination to the office of President of the United States, in the elections of 1932 and 1944. See 17 *Opinions of the Attorney General* 123, 128 and 29 *Opinions of the Attorney General* 77. Under recognized principles of statutory construction, the legislature may be deemed to have acquiesced in the contemporaneous construction. *Popham v. Conservation Commission,* 186 Md. 62, 71, 46 A. 2d 184; *Smith v. Higinbothom,* 187 Md. 115, 132, 48 A. 2d 754, 763. For all of the foregoing reasons, we concluded that the judgment of the trial court should be affirmed by *per curiam* order.