ANDREWS AND JOHNSON *v.* SECRETARY OF STATE OF THE STATE OF MARYLAND

[No. 51 (Adv.), September Term, 1964.]

*Decided, per curiam, on April 13, 1964; opinion filed May 28, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*John Norton Johnson,* in proper person, and *J. David Andrews,* in proper person, for appellants.

*Robert F. Sweeney, Assistant Attorney General,* with whom was *Thomas B. Finan, Attorney General,* on the brief, for appellee.

PRESCOTT, J., delivered the opinion of the Court.

We frequently, because of the time element involved in election cases, decide them by *per curiam* orders, and set forth later our reasons for the decisions. This has occurred in these two appeals in one record.

The narrow issue involved is whether the appellants were entitled to be certified as candidates for Congress in the Primary Elections to be held (they have since been held) on May 19, 1964, notwithstanding the fact that they failed to file their certificates of candidacy within the time prescribed by Code (1957), Article 33 § 56 (a).[1] There was no appeal taken from the action of the trial court in permitting certain other candidates, who had filed their candidacies, to withdraw their names; hence no question relating thereto is before us.

---

1. Section 56 (a) provides: *"Generally.*—Certificates of candidacy shall be filed not later than midnight on the Monday which is ten weeks or seventy days before the day on which the primary election should be held under the primary election law."

Appellants filed *ex parte* petitions on the equity side of the Circuit Court for Anne Arundel County, seeking an order of that court requiring the Secretary of State, the appellee, to certify their names as candidates in the Primary Elections. This attempt was resisted by the appellee, and, after a hearing, the court denied the appellants' petitions. (No question is raised as to the propriety of seeking such relief in a court of equity, so we shall not deal with it, as the case must be decided against the appellants on the merits.)

Appellants' only contention seems to be that because of certain litigation pending in the Federal District Court at the time of the statutory deadline for filing and efforts on the part of the General Assembly to redefine the boundaries of the then existing Congressional districts, they were deprived of their rights to file before the expiration of the statutory deadline, as they had no way of knowing whether or not they would be filing in an election to be conducted in districts not then defined, or an election to be conducted in the State at large. In their briefs, they cite no case, nor any other authority, to support their contention. The General Assembly did not redraft the lines of the Congressional districts, and, although the Federal District Court declared the existing lines to be unconstitutional, it stayed the effect of that decision until after the General Elections of November, 1964. (It may be safely assumed, we think, that had appellants filed their candidacies in accordance with the statute, any subsequent decision in the pending litigation or any statute providing for redistricting would have protected their rights to participate in the subsequent election.)

That the previous decisions of this Court required our *per curiam* order is quite apparent. It has been held that the fixing of a deadline for the filing of certificates of candidacy is not an unreasonable or unconstitutional restriction, in view of the necessity for making timely preparations for elections. *Chamberlain v. Super. of Elections of Balto. County*, 212 Md. 342. The opinion in that case stated: "The Maryland cases recognize that where the election statutes fix a date for filing petitions or certificates of candidacy, such documents must be filed before the expiration of the time fixed, and that the election officials may not exercise any discretion in the matter."

As early as 1913, this Court held that the provisions of the Code (1912), Article 33, § 47 (cf. present § 67) which required that certificates of nomination be filed with the Secretary of State not less than 25 days before the day of election, were mandatory, even though it was conceded that an honest mistake had caused the failure to file on time. *Graham v. Wellington,* 121 Md. 656. See also *Iverson v. Jones,* 171 Md. 649; 15 Op. Atty. Gen. 144; 15 Op. Atty. Gen. 143; *Vaughan v. Boone,* 191 Md. 515; *Tull v. Fitzgerald,* 167 Md. 429.

Since the provisions of Article 33, § 56 (a) are mandatory and not directory, the court below had no alternative except to deny appellants' petitions.