## McGINNIS *v.* BOARD OF SUPERVISORS OF ELECTIONS OF HARFORD COUNTY, ET AL.

[No. 344, September Term, 1966 (Adv.).]

*Decided, per curiam August 22, 1966.*

*Opinion filed September 15, 1966.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*George L. Clarke,* with whom were *Buckmaster, White, Mindel & Clarke* on the brief, for appellant.

*Edward L. Blanton, Jr., Assistant Attorney General,* with whom was *Thomas B. Finan, Attorney General,* on the brief for Lloyd L. Simpkins, Secretary of State and Thomas B. Finan, Attorney General of Maryland, part of appellees. No brief filed by Supervisors of Elections of Harford County, other appellee.

HAMMOND, J., delivered the opinion of the Court. BARNES, J., concurs. Concurring opinion at page 69, *infra.*

The Board of Supervisors of Elections of Harford County, troubled (1) because § 202 of the Code of Harford County (1965), provided for three county commissioners, one from each of three specified residence districts, (2) that the residence districts were obviously and concededly malapportioned under the one-man, one-vote principle, (3) that the Legislature had passed Ch. 461 of the Laws of 1966 on April 29, 1966, to repeal and reenact § 202 to provide for five county commissioners, one from each of five specified residence districts of substantially equal population, and (4) that Ch. 461 had been duly petitioned to referendum and would be voted upon by the voters of Harford County at the General election in November 1966, so that the existing law providing for three commissioners from malapportioned residence districts would remain in force and effect, sued the eighteen candidates who had filed for nomination and election as county commissioners (five Democrats and

one Republican from each of the three existing districts), seeking a declaration (a) whether their candidacies were "legally filed in view of the referendum petition reducing the number of County Commissioners from five to three" and if not, whether the time for filing could be extended; (b) whether § 202 is unconstitutional in application and therefore requires the three commissioners to run at large; and (c) whether, if § 202 is unconstitutional, the time for withdrawal of candidates should be extended.

D. Franklin McGinnis, an incumbent county commissioner and one of the candidates for county commissioner, filed an answer (as did the other defendants) in which he admitted the general allegations of the bill of complaint of the Board and denied the legality of the referendum process and the power of the court to extend the times for the filing and withdrawal of candidates. He also filed a cross-bill in which he alleged that § 202 was unconstitutional and that Ch. 461 would cure this unconstitutionality if the referendum on it were enjoined and prayed the court to enjoin it so as to give effect to Ch. 461 for the holding of the elections of 1966.

Judge Proctor, on the pleadings and stipulations of fact, decreed:

1. That the residence districts established by § 202 were malapportioned as to population and the representation which would result if the 1966 elections were conducted as called for by said section would be unconstitutional.

"2. That in accordance with the decision of the Court of Appeals of Maryland in *Montgomery County Council, et al. vs. Idamae Garrott, et al.*, 243 Md. 634, only three candidates shall be nominated by each of the parties for election to the Board of County Commissioners for Harford County, all candidates, both at the primary election to be held on September 13th, 1966 and at the general election to be held on November 8th, 1966 shall be listed on the ballot without any designation as to residence or districts and shall be voted for by all the voters of Harford County on a county-wide basis."

3. That the court lacked power to extend the statutory time for filing certificates of candidacy or the statutory time for withdrawal of candidates.

4. That the relief prayed in the cross-bill must be denied and the cross-bill dismissed.

On August 22, 1966, following an advanced argument, we affirmed Judge Proctor's decree by a per curiam order. Our reasons were these:

In *Montgomery County Council v. Garrott*, 243 Md. 634, we held that malapportioned residence districts in Montgomery County for the election of county councilmen produced an unconstitutional result and required the 1966 elections to be held at large, without residence district requirements.

We relied in part on the requirement of § 1 of Art. VII of the Constitution of Maryland that county commissioners must be elected "on the general ticket," holding that this meant — for county councilmen in chartered counties as well as for county commissioners—election by all the qualified voters of the County. The *Garrott* case compels the result reached by Judge Proctor in paragraphs one and two of his decree. See also *Gray v. Board of Supervisors of Baltimore County*, 243 Md. 657, dealing with a similar situation in Baltimore County.

*Andrews v. Secretary of State*, 235 Md. 106, held that the provisions of Code (1957), Art. 33, § 56 (a), setting a time within which a certificate of candidacy is to be filed, are mandatory and leave no discretion in either the election officials or the courts. We think that the rationale of *Andrews* controls not only the time for filing but the time for withdrawing under Code (1965 Cum. Supp.), Art. 33, § 73, and that Judge Proctor was right in refusing to extend either.

Appellants urged (a) that, as pointed out in cases such as *Scott v. Germano*, 381 U. S. 407, 14 L. Ed. 2d 477, and *Burns v. Richardson*, 384 U. S. 73, 16 L. Ed. 2d 376, a court should correct malapportionment only where the legislature has failed to do so, and here the Maryland Legislature by providing in Ch. 461 of the Laws of 1966 for five county commissioners from districts of substantially equal population has cured the existing unconstitutionality, and (b) that under cases such as *Williams v. Broening*, 135 Md. 226, *Jones v. Broening*, 135 Md. 237, *Sun Cab Co. v. Cloud*, 162 Md. 419, and *Schneider v. Lansdale*, 191 Md. 317, a court has the power and the right to enjoin a referendum which produces an illegal result, and

the referendum on Ch. 461, which delays its operation, will produce the illegal result of the nomination and election of county commissioners from malapportioned residence districts.

The argument has fatal flaws. Chapter 461 provides not for three validly apportioned residence districts but for five. By Art. XVI of the Constitution, the people of Maryland reserved to themselves the power to have submitted to the voters any act or part of an act of the General Assembly, and if a proper petition seeking a referendum is duly filed, the law "shall not become a law or take effect until thirty days after its approval by a majority of the electors voting thereon * * *" (§ 2 of Art. XVI). This period of suspension, this period when the law is not a law, "which begins at the time specified by Art. XVI * * * ends either when the voters approve the law or when a court holds that suspension has not been effected for want of proper compliance with Art. XVI." *First Continental v. Director,* 229 Md. 293, 301. In the instant case the Legislature had not cured malapportionment because the people of Harford County exercised their constitutional right to bring about a vote on whether they do or do not want five commissioners, and the court cannot deprive them of that right if constitutional elections and representation can otherwise validly be provided. Judge Proctor did provide for valid elections by ordering them to be held as in the *Garrott* and *Gray* cases. Therefore, the delay in the effective date of Ch. 461, brought about by the referendum, does not and will not produce an illegal result. It is also to be noted that in the referendum cases relied on by the appellants and cited above, the court enjoined the holding of the referendum either because of procedural or mechanical defects in the invoking procedures or because the proposed law, if approved by the people, would have been invalid because in conflict with the basic governing law—constitution or charter. None of these causes for enjoining was here present.

BARNES, J., filed the following concurring opinion.

For the reasons set forth in my concurring opinion in *Montgomery County Council v. Garrott,* 243 Md. 634 (1966), I concur in the result reached by the Court in this case.