The Honorable Sharon Priest Secretary of State State Capitol Little Rock, Arkansas 72201-1094
Dear Ms. Priest:
This is in response to your request for an opinion on the following question:
 Does Arkansas Code Annotated 7-4-109(c) prohibit a [member of a] county board of election commissioners from being paid for work performed for a candidate for U.S. Congress?
It is my opinion, in response to your question, that A.C.A. §7-4-109(c)[1] does not prohibit a member of a county board of election commissioners from being paid for work performed for a candidate for U.S. Congress (assuming your question refers to a candidate for the United States House of Representatives).
The relevant statute, A.C.A. § 7-4-109, sets the qualifications for state and county election commissioners and other election officers. The relevant subsection, as you have noted, is (c), which provides that:
 No person who is a paid employee of any political party or of any person running for statewide office shall be eligible to be a member of a county board of election commissioners or an election judge or clerk. [Emphasis added.]
Your question is whether this provision would prohibit a county election commissioner from "being paid for work" performed for a U.S. Congressional candidate. As an initial matter it should be noted that this provision does not prohibit a county election commissioner from accepting any employment. It is focused on the eligibility of a person to be a county election commissioner. A commissioner is free to accept any employment he or she wishes, but if the employment is one enumerated in the statute above, he or she will become ineligible to be an election commissioner, and may be removed from that position in a legal action brought for that purpose. See generally Swepston v. Barton, 39 Ark. 549
(1882).
The question thus becomes whether a county election commissioner who is a paid employee[2] of a U.S. Congressional candidate is ineligible to hold his or her office. The statutory subsection above renders ineligible for service any person who is a "paid employee . . . of any person running for statewide office. . . ." Assuming the commissioner to whom you refer is a "paid employee," the question becomes whether a U.S. Congressional office is a "statewide office" within the meaning of the provision above. It is my understanding that your question refers to the office of United States Representative, and not United States Senator.
I have found no provision in the Arkansas Code which defines the term "statewide office." Neither have I found any interpretive Arkansas case law construing the term. In the absence of such authority, the duty of a court will be to construe the term according to its ordinary and accepted meaning in common usage. Henson v. Fleet Mortgage Company, 319 Ark. 491,892 S.W.2d 250 (1995). In my opinion the commonly accepted meaning of the phrase "statewide office" is an office which is filled by the voters of the entire state. Cf. Vaughn v. Boone, 191 Md. 515, 62 A.2d 351 (1948) (phrase "state-wide offices" used in statutory provision requiring certificates of nomination for "state-wide offices" to be filed with Secretary of State embraces all offices filled by voters of the entire state, including federal offices filled by voters of the entire state). A United States Representative in Arkansas is not elected by the voters of the entire state, but is elected by the voters of one of Arkansas' four congressional districts. In my opinion therefore, the prohibition found in A.C.A. § 7-4-109(c), is not applicable to a paid employee of a United States House of Representative candidate.
If this result is undesirable, the Arkansas legislature is free to amend the statute at its earliest opportunity. I must conclude, however, that the prohibitory language of the statute above does not encompass the conduct you describe.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] You have not asked my opinion as to any other potentially applicable prohibition. It is my opinion, however, that the language of Arkansas Constitution, art. 3, § 10 does not prohibit the conduct you describe.
[2] You have not stated whether the county election commissioner in question is actually a "paid employee" of the candidate, but have stated only that he or she has been "paid for work" performed. There may thus be an issue as to whether the commissioner is a "paid employee" within the meaning of the statute. In my opinion, however, even if the commissioner is a "paid employee" the literal language of the statute does not render him ineligible under the circumstances you describe.